Percy Finkelstein v. Commissioner.
Finkelstein v. Commissioner
Docket No. 50678.
United States Tax Court
T.C. Memo 1955-133; 1955 Tax Ct. Memo LEXIS 204; 14 T.C.M. (CCH) 496; T.C.M. (RIA) 55133; May 24, 1955
*204 Held, upon the facts: (1) The amounts paid by petitioner in 1947 and 1949 for business expenses. (2) That a nonbusiness debt owing to petitioner became worthless before 1947. (3) That petitioner's failure to file a return for 1947 was due to wilful neglect and a 25 per cent penalty is due under section 291(a), 1939 Code. Percy Finkelstein, 300 Riverside Drive, New York, N. Y., pro se. James E. Markham, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined deficiencies in income tax for 1947, 1948, and 1949, and a 25 per cent penalty under section 291(a) of the 1939 Code for 1947, as follows: Year
Deficiency
Sec. 291(a)
1947
$ 112.00
$28.00
1948
2,296.32
0
1949
268.00
0
$2,676.32
$28.00
*205 The questions to be decided are the amounts of business expenses which petitioner incurred and paid in each of the years 1947 and 1949; whether a nonbusiness loan made by petitioner became worthless prior to 1947 and 1948; and whether petitioner's failure to file a return for 1947 was due to wilful neglect rather than reasonable cause. Findings of Fact Petitioner is a resident of New York City. He did not file an income tax return for the years 1947 and 1949. He filed a return for 1948 with the Director of Internal Revenue for Lower Manhattan. He reports income on the basis of cash receipts and disbursements. The Commissioner, for each of the years 1947 and 1949, filed a substitute for a return of petitioner. He determined that petitioner's adjusted gross income for 1947 was $1,200. He determined that petitioner's adjusted gross income for 1949 was $2,450.07. He computed the taxes for 1947 and 1949 upon the above amounts under the Supplement T tax table. In his return for 1948, the petitioner deducted $14,000 for loss from a worthless debt owing to him. The respondent disallowed the deduction. He determined that a loan of $14,000 of petitioner to his brother-in-law became *206 worthless before 1947. The petitioner, during the taxable years, was a licensed real estate broker. He did not have any employees and he did not pay any rent for office space. His business activities were neither extensive nor substantial. He was employed by others, from time to time, to make real estate appraisals. He tried to make sales of real estate. In 1947 he incurred and paid business expenses in connection with various real estate matters for which he received payment of some of his fees in 1948. In 1947 and 1949, petitioner had a telephone which was located in an office in Lower Manhattan and was listed in his name. He paid the monthly charge for the telephone. In addition, he paid a monthly charge for a telephone answering service. In 1947 and 1949, petitioner paid the fee for his real estate broker's license. He paid, also, car-fare, public stenographers' charges, and the cost of stationery. The business expenses of the petitioner which he paid in each of the years 1947 and 1949 did not exceed $700 for each year. His business expenses were, at the most, as follows: 1947
1949
Telephone bills $145 $145
Answering service
150
150
Broker's license fee
25
25
Public stenographer
100
100
Stationery
30
30
Car-fare & miscellaneous
250
250
Total $700 $700
*207 The petitioner did not keep records of his business expenses or of his payments of business expenses in 1947 and 1949. Petitioner loaned $14,000 to his brother-in-law prior to 1939. His brother-in-law went into bankruptcy in 1939. The indebtedness owing to petitioner did not have any value as of January 1, 1948; it became worthless before 1947. Petitioner's failure to file an income tax return for 1947 was due to wilful neglect; it was not due to reasonable cause. Opinion All of the questions to be decided are questions of fact. The record establishes that a loan of $14,000 to petitioner's brother-in-law was worthless as of January 1, 1948, and that it became worthless before 1947. The respondent's disallowance of the deduction for a worthless, nonbusiness debt which was taken in petitioner's return for 1948 is sustained. There is a deficiency in income tax for 1948 in the amount of $2,296.32. The petitioner did not keep any record of his payments of business expenses in 1947 and 1949. He had the burden of proving both the amounts of the business expenses which he paid in 1947 and 1949, and that expenditures were for ordinary and necessary business expenses. See section *208 23(a)(1)(A) of the 1939 Code. He relied entirely upon his testimony. Most of the payments of and the items of business expense for each of the years in question were estimated by petitioner. Mere estimates of the amounts of alleged business expenses are not sufficient to discharge the burden of proof upon the petitioner. Upon consideration of all of the evidence, it is found and concluded that petitioner incurred and paid business expenses in each of the years 1947 and 1949 in the amount of $700, at the most. See . It is our understanding that the respondent has allowed deduction of $500 for business expenses paid in each of the years 1947 and 1949. If that is correct, the findings and conclusions which are made result in allowance of an additional deduction of $200 in each of the years 1947 and 1949. Accordingly, the deficiencies for 1947 and 1949 will be recomputed under Rule 50 of the Court's Rules. The petitioner had the burden of proving that his failure to file a return for 1947 was due to reasonable cause and was not due to wilful neglect. See section 291(a) of the 1939 Code. The petitioner failed to establish that *209 his failure was due to reasonable cause. It is concluded and found that the failure was due to wilful neglect. Therefore, a 25 per cent penalty is due for 1947 under section 291(a). The amount of the penalty also will be recomputed under Rule 50. Decision will be entered under Rule 50.